IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JAMIE CLARK,                                    )
                                               )
                    Plaintiff,                 )        TC-MD 101227B
                                               )
             v.                                )
                                               )
DEPARTMENT OF REVENUE,                         )
State of Oregon,                               )
                                               )
                    Defendant.                 )        **DECISION**

Plaintiff filed his Complaint on November 1, 2010, appealing Defendant's income tax

assessments for tax years 2000 through 2005. Plaintiff also requests that the court award "costs";

specifically, the $75 filing fee. (Ptf's Ltr at 3, Oct 7, 2011.) Plaintiff verbally withdrew his

appeal of the 2001 tax year during a case management conference on February 17, 2011. The

court dismissed Plaintiff's 2001 tax year appeal in an Order issued February 23, 2011. In an

Order issued June 8, 2011, the court granted Defendant's motion to dismiss Plaintiff's appeal for

the 2000 and 2002 tax years because they were not timely filed. Thus, the tax years before the

court are 2003, 2004, and 2005.

A second case management conference was held on October 10, 2011, during which the

parties reported that they had reached an agreement that Plaintiff incurred a capital loss of $2,582

in 1998, a capital loss of $11,610 in 1999, and a business loss of $1,936 in 2004. The parties

reported disagreement with respect to the proper allocation of the 1998 and 1999 losses to

subsequent tax years in which Plaintiff had no taxable income. During the October 10, 2011,

conference, Plaintiff clarified that his request for "costs" referred to the $75 court fee. The

/ / /

/ / /

DECISION  TC-MD 101227B                                                                    1

parties agreed to a briefing schedule. Plaintiff timely filed his written arguments (arguments) on October 26, 2011. Defendant timely filed its Written Arguments on November 8, 2011. The record closed on November 22, 2011.

## I. STATEMENT OF FACTS

The parties agree that Plaintiff had capital losses of $2,582 in 1998 and $11,610 in 1999, and that the capital loss in 1999 can be allocated to subsequent years. (Def's Written Arguments at 1.) They also agree that Plaintiff is allowed a business loss of $1,936 in 2004. (*Id.*) However, Plaintiff and Defendant are in disagreement as to "how a capital loss is carried forward." (*Id.*; *see also* Ptf's Arguments at 1.) Plaintiff states that,

> "[t]o ensure there is a proper tax benefit, which is the purpose of the Capital Loss Carry Over Worksheet (of the federal Schedule D), the Plaintiff proposes the total loss be <u>realized</u> as follows:
>
> "$0 in 1998 and 1999 * * *
>
> "$0 in 2000 * * *
>
> "$3,000 in 2001 * * *
>
> "$0 in 2002 * * *
>
> "$3,000 in 2003
>
> "$3,000 in 2004
>
> "$3,000 in 2005[.]"

(Ptf's Arguments at 2.) (Footnote omitted.) Defendant responds that:

> "Plaintiff's position is that if Adjusted Gross Income is negative for the year, no amount of the capital loss is used for that year and the full amount can be carried forward. [Defendant's] position is that the Plaintiff must use a minimum of $3,000 of the capital loss each year regardless of income."

(Def's Arguments at 1.) Defendant allocates capital loss as follows: $2,582 in 1998; $3,000 in 1999; $0 in 2000; $3,000 in 2001; $0 in 2002; $3,000 in 2003; and $2,610 in 2004. (*Id.*)

## II. ANALYSIS

The issue before the court is the proper determination of Plaintiff's 1998 and 1999 capital loss carryovers to the tax years at issue, 2003, 2004, and 2005. As this court has previously noted, "[t]he Oregon Legislature intended to make Oregon personal income tax law identical to the Internal Revenue Code (IRC) for purposes of determining Oregon taxable income, subject to adjustments and modifications specified in Oregon law." *Ellison v. Dept. of Rev.*, TC-MD No 041142D, WL 2414746 at *6 (Sept 23, 2005) (citing ORS 316.007[1]).

Taxable income is defined as gross income minus the allowable deductions. IRC § 63(a).[2] "Losses from sales or exchanges of capital assets shall be allowed only to the extent allowed in sections 1211 and 1212." IRC § 165(f). "[L]osses from sales or exchanges of capital assets shall be allowed only to the extent of the gains from such sales or exchanges, plus (if such losses exceed such gains), the lower of * * * $3,000 * * * or * * * the excess of such losses over such gains." IRC § 1211(b). Any excess of the capital loss allowed as a deduction under IRC section 1211(b) constitutes "net capital loss" that is carried over to the subsequent tax year. IRC §§ 1212(b), 1222(10). In determining the amount of the capital loss carryover, the taxpayer must distinguish between net short-term or net long-term losses. IRC § 1212(b)(1). That distinction must be made even if multiple years have passed since the loss was incurred because the character of a loss does not change in succeeding tax years. *Id.*; Treas Reg § 1.1212-1(b); *Knowles v. Comm'r* (*Knowles*), 101 TCM (CCH) 1080, WL 280934 at *3 (Jan 27, 2011).

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2003. The 2001 ORS are applicable to the 2003 tax year. The 2001 and 2003 versions of ORS 316.007 are not identical, but are not materially different for the purpose of this analysis.

[2] All references to Internal Revenue Code (IRC) and accompanying regulations are to the 1986 code, and include updates applicable to 2003, 2004, and 2005.

The capital loss carryover for a taxpayer other than a corporation is determined in accordance with IRC section 1212(b)(2)(A), which states that, for purposes of determining the excess capital loss under IRC section 1212(b)(1), "there shall be treated as a short-term capital gain in the taxable year an amount equal to the lesser of" either the deductible amount allowed for the taxable year under IRC section 1211(b) or "the adjusted taxable income for such taxable year." For purposes of IRC section 1212(b)(2)(A), a taxpayer's

> " 'adjusted taxable income' * * * means taxable income increased by the sum of –
>
>> "(i) the amount allowed for the taxable year under paragraph (1) or (2) of section 1211(b), and
>>
>> "(ii) the deduction allowed for such year under section 151 or any deduction in lieu thereof.
>
> "For purposes of the preceding sentence, any excess of the deductions allowed for the taxable year over the gross income for such year shall be taken into account as negative taxable income."

IRC § 1212(b)(2)(B).

Plaintiff contends that a taxpayer may choose not to take the allowed capital loss deduction in a year for which the taxpayer has low or negative adjusted gross income. (Ptf's Ltr at 1, Oct 26, 2011.) The IRC, Revenue Rulings, and case law are clear that a taxpayer must take into account the allowed capital loss deduction whether or not the taxpayer benefits from the deduction. IRC § 1212(b); Rev Rul 76-177, 1976-1 CB 224; and *Knowles*, WL 280934 at *3. However, a taxpayer would not take the minimum capital loss carryover deduction under section 1211(b) if the taxpayer's "adjusted taxable income" under IRC section 1212(b)(2)(B) was less than the deduction allowed under IRC section 1211(b). IRC § 1212(b). [3] Plaintiff did not

---

[3] The IRS, in an Information Letter, stated: "The phrase 'adjusted taxable income' means the taxpayer's taxable income, which may be expressed as a negative amount if deductions exceed income, increased by the $3000 loss allowed by section 1211(b) and the deduction for personal exemptions. In a year that the taxpayer's deductions exceed income by an amount greater than the sum of $3000 and the amount allowable as a deduction for personal

present any evidence that his "adjusted taxable income" under IRC section 1212(b)(2)(B) was less than the deduction allowed under IRC section 1211(b) for any of the tax years after 1998 and 1999.

Plaintiff incurred a capital loss of $2,582 in 1998 and, as concluded by both parties, the entire capital loss of $2,582 was "allocated" to the 1998 tax year. (Ptf's Ltr at 1, Oct 26, 2011; Def's Written Arguments at 1, Nov 8, 2011); IRC §§ 1211(b), 1212(b). Plaintiff incurred a capital loss of $11,610 in 1999. Taking the minimum capital loss deduction of $3,000 for each subsequent tax year results in a capital loss carryover of $8,610 for the 2000 tax year, $5,610 for the 2001 tax year, and $2,610 for the 2002 tax year. Plaintiff, therefore, had no capital loss carryover for the tax years at issue, 2003, 2004, and 2005.

Plaintiff requests that the court award as a cost the $75 fee paid to file this appeal. (Ptf's Arguments at 3.) ORS 305.490(1) states that "[p]laintiffs or petitioners filing a complaint or petition in the tax court shall pay a filing fee at the time of filing for each complaint or petition * * *." There is no provision in the statutes or court rules for a refund of that fee. Plaintiff's request that the court award costs, including the $75 court fee, is denied.

### III. CONCLUSION

After careful consideration, the court finds that Plaintiff was not entitled to a capital loss deduction in tax year 2003, 2004, or 2005. As agreed upon by the parties, Plaintiff is allowed a business loss of $1,936 in tax year 2004. Plaintiff's request for costs, including the $75 court fee, is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is not entitled to a capital loss deduction in tax years 2003, 2004, or 2005.

---

exemptions, the capital loss carryover will not be reduced." IRS INFO 2009-0201, WL 5450312 (Dec 31, 2009); *see also* IRS INFO 2004-0108, WL 1474140 (Jun 30, 2004).

IT IS FURTHER DECIDED that Plaintiff is allowed a business loss of $1,936 in tax year 2004, as stipulated by the parties.

IT IS FURTHER DECIDED that Plaintiff's request for costs, including the $75 court fee, is denied.

IT IS FURTHER DECIDED that Plaintiff's tax year 2000, 2001, and 2002 appeals are dismissed.

Dated this ___ day of February 2012.

ALLISON R. BOOMER
MAGISTRATE PRO TEMPORE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Pro Tempore Allison R. Boomer on February 27, 2012.  The Court filed and entered this document on February 27, 2012.*